IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

URIEL SEPÚLVEDA ALICEA,

Plaintiff,

v.

MUNICIPALITY OF YAUCO,

Defendant.

CIV. NO.: 25-1165 (SCC)

**OPINION AND ORDER**

Pending before the Court is Defendant Municipality of Yauco's ("Defendant Yauco") request for this Court to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See* Docket No. 63. Plaintiff Uriel Sepúlveda Alicea ("Plaintiff Sepúlveda") opposed the request. *See* Docket No. 66.   Thereafter, Defendant Yauco filed a reply, *see* Docket No. 71, and Plaintiff Sepúlveda filed a surreply, *see* Docket No. 74.  For the reasons set forth below, Defendant Yauco's request is **DENIED in part and GRANTED in part**.

## I.  BACKGROUND

Plaintiff Sepúlveda lives with multiple disabling

musculoskeletal conditions which significantly impair his mobility and require him to use a walker. Docket No. 51, pg. 1. Plaintiff Sepúlveda frequently visits Yauco, particularly for its cultural activities and commercial offerings. *Id.* at pg. 17. During these visits, however, he encounters architectural barriers that affect his ability to reach his intended destinations. *Id.* at pg. 18. On March 19, 2025, Plaintiff Sepúlveda filed the instant lawsuit alleging violations of Title II and Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. Docket No. 1, pgs. 118–133. The lawsuit named Defendant Yauco, the Municipality of Salinas, and numerous businesses as Defendants.[1] However, Plaintiff Sepúlveda moved to voluntarily dismiss all Defendants other than Defendant Yauco, *see* Docket No. 46, and the Court issued partial judgment reflecting the same, *see* Docket No. 48. Thereafter, Plaintiff Sepúlveda filed an Amended Complaint alleging that Defendant Yauco violated Title II of the ADA ("Title II"),

---

[1] The named businesses included: Luis A. Vélez Cruz, Qlantro LLC; B.V. Properties Inc., El Mesón De Felipe, Inc., Supermercado Mr. Special, Inc., Viktor Pollo, LLC, Supermercado Napo Vélez Cash & Carry Inc., Supermercado Agüeybana, Inc., Willies Bar And Restaurant LLC, Flor Amelia Inc., RMFS Corporation, A Salir, Inc., and WV Destination PR LLC. Docket No. 1, pgs. 1–2.

Section 504, and the First Amendment.  Docket No. 51, pgs. 49–73.  The instant Motion to Dismiss followed. Docket No. 63.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Great factual specificity is unnecessary; what is required is "only enough detail to provide a defendant with 'fair notice of what the…claim is and the grounds upon which it rests.'"  *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Cruz-Arce v. Mgmt. Admin. Servs. Corp.*, 16 F.4th 538, 546 (1st Cir. 2021) (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).  This means that the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

To make that determination, the Court first "sift[s] through the averments in the complaint, separating

conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)."  *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013).  The Court then "consider[s] whether the winnowed residue of factual allegations gives rise to a plausible claim to relief."  *Rodríguez-Reyes*, 711 F.3d at 53.  In conducting this exercise, the Court must "accept as true all well-pleaded facts set forth in a plaintiff's complaint and draw all reasonable inferences therefrom to his behoof."  *Burt v. Bd. of Trs. of Univ. of Rhode Island*, 84 F.4th 42, 50 (1st Cir. 2023).  However, the Court will not credit legal conclusions nor "factual allegations that are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.'"  *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 34 (1st Cir. 2022) (quoting *Tambone*, 597 F.3d at 442).

## III. ANALYSIS

### a.  Title II & Section 504

Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  *Nunes v. Massachusetts Dep't of Correction*, 766 F.3d 136, 144 (1st Cir. 2014) (citing 42

U.S.C. § 12132).  To state a claim for a violation of Title II, a plaintiff must show that: "(1) he is a 'qualified individual with a disability'; (2) he was 'excluded from participation in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against'; and (3) this exclusion, denial of benefits, or discrimination was 'by reason of [his] disability.'"  *Sosa v. Massachusetts Dep't of Correction*, 80 F.4th 15, 30 (1st Cir. 2023) (quoting *Snell v. Neville*, 998 F.3d 474, 499 (1st Cir. 2021)).

Importantly, Title II "is modeled on Section 504 of the Rehabilitation Act." *Toledo-Colón v. Puerto Rico*, 812 F.Supp.2d 110, 117 (D.P.R. 2011) (citing *Parker v. Univ. de Puerto Rico*, 225 F.3d 1, 4 (1st Cir. 2000)).  As a result, "the same standards…apply to claims under the ADA and under the Rehabilitation Act." *Conlon v. Scaltreto*, 158 F.4th 211, 226 (1st Cir. 2025) (citing *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 11 n.1 (1st Cir. 2004)).  Accordingly, the Court "construes Plaintiff [Sepúlveda's] ADA and Rehabilitation Act counts as a single claim," meaning that if Plaintiff Sepúlveda's "ADA claim survives the motion, then his Rehabilitation Act claim survives as well." *Toledo-Colón*, 812 F.Supp.2d at 117 (citing *Procurador de Personas con Impedimentos v. Municipality of San Juan*, 541 F.Supp.2d 468, 474 (D.P.R. 2008)).

Defendant Yauco argues that Plaintiff Sepúlveda's Amended Complaint lacks the factual specificity necessary to set out a *prima facie* case of a Title II violation.  Docket No. 63, pg. 10.  Specifically, Defendant Yauco points to the following omissions: specific dates of prior visits to Yauco, the names of municipal employees that Plaintiff Sepúlveda encountered, the dates and factual circumstances surrounding said employees' denial of accessible remedies, and any formal written or oral petitions challenging these violations.  *Id.* at pg. 13.  Plaintiff Sepúlveda, in turn, argues that Defendant Yauco asks for too much at this procedural juncture.  Docket No. 66, pgs. 21–23.  The Court agrees with Plaintiff Sepúlveda.

To begin, it is uncontested that Plaintiff Sepúlveda is a qualified individual with a disability, and that Defendant Yauco is a public entity subject to the affirmative obligation elaborated in Title II.  *Id.* at pg. 15; *see also Toledo v. Sánchez*, 454 F.3d 24, 32 (1st Cir. 2006) ("Title II imposes an affirmative obligation on public entities to make their programs accessible to qualified individuals with disabilities, except where compliance would result in a fundamental alteration of services or impose an undue burden." (citing *Parker*, 225 F.3d at 4)).  Next, Plaintiff Sepúlveda has sufficiently pled that inaccessible pedestrian infrastructure has prevented him

from accessing various public spaces, facilities, commercial businesses, and cultural functions throughout Yauco. *Sosa*, 80 F.4th at 30 ("(2) he was 'excluded from participation in, or denied the benefits of a public entity's services, programs, or activities."). The Amended Complaint, which spans 80 pages, contains extensive factual information as to Plaintiff Sepúlveda's encounters with inaccessible infrastructure, including: the purpose of his trips, the locations and conditions of encountered barriers, and the impact of the barriers on his ability to access his intended destination. Docket No. 51, pgs. 19–36. Moreover, Plaintiff Sepúlveda has clearly alleged that this exclusion is "by reason of" his disability, as the physical barriers specifically impair access for persons who use mobility devices. *Sosa*, 80 F.4th at 30 ("(3) this exclusion, denial of benefits, or discrimination was by reason of his disability." (citation modified)). The Amended Complaint describes at length the toll that these barriers have upon Plaintiff Sepúlveda's mobility, including pain, compromised balance, excessive physical effort, and safety risks. Docket No. 51, pgs. 17–19.

To reiterate, although Defendant Yauco challenges the level of specificity provided in the Amended Complaint, what is asked of Plaintiff Sepúlveda at this early stage of the

proceedings is simply a "'short and plain' statement [containing] only enough detail to provide a defendant with 'fair notice of what the…claim is and the grounds upon which it rests.'" *Ocasio-Hernández*, 640 F.3d at 12 (quoting *Twombly*, 550 U.S. at 555). Having met this standard, the Court concludes that Plaintiff Sepúlveda's Title II and Section 504 claims survive Defendant Yauco's Motion to Dismiss.

### b. The First Amendment

As for Plaintiff Sepúlveda's First Amendment claim, Defendant Yauco posits that he fails to allege a policy or custom causing constitutional injury, as necessary to establish municipal liability for constitutional violations under 42 U.S.C. § 1983 ("Section 1983"). Docket No. 63, pg. 25 (referencing the standard established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978)). In response, Plaintiff Sepúlveda first argued that the *Monell* standard does not apply to his First Amendment claim, as it is merely an "aspect" of his Title II claim, not an independent Section 1983 claim.[2] Docket No. 66, pg. 17. However, Plaintiff Sepúlveda shifted course in his surreply, asserting instead

---

[2] Additionally, Plaintiff Sepulveda asserted that he "expressly reserves the right to amend his Complaint after discovery if evidence develops showing that [Defendant Yauco's] failures regarding assembly access meet the *Monell* standard for a separate Section 1983 constitutional claim." Docket No. 66, pg. 17.

that his First Amendment claim satisfies the "second pathway" of the *Monell* standard—that is, "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." Docket No. 74, pg. 4 (quoting *Comsys Inc. v. City of Kenosha, Wisconsin*, 402 F.Supp.3d 507, 515–16 (E.D. Wis. 2019)). Specifically, Plaintiff Sepúlveda points to a decades-long practice of contracting that fails to incorporate ADA compliance requirements. *Id.* at pg. 5; *see also* Docket No. 51, pgs. 45–49.

To begin, the Court emphasizes that a surreply is not the mechanism to present arguments not previously mentioned in the opposition. However, even assuming, *arguendo*, that the Court were to construe the Amended Complaint broadly to find that municipal liability is established, it remains unclear whether Plaintiff Sepúlveda's First Amendment claim operates independent of his Title II and Section 504 claims and, if so, whether said claim is brought under Section 1983 or otherwise. Since the Court cannot even discern the statute under which Plaintiff Sepúlveda brings his claim, it cannot ultimately conclude that it survives Defendant Yauco's Motion to Dismiss.

#### IV. CONCLUSION

In view of the above, Defendant Yauco's Motion to Dismiss is **GRANTED in part and DENIED in part**. Plaintiff Sepúlveda's First Amendment claim is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28th day of July 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE